# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.                                  No. 1:23-cv-00499-MIS-JMR

SEVENTH JUDICIAL DISTRICT COURT
MERCEDES MURPHY,
SHANNON MURDOCK-POFF,
JASON JONES, and SUSAN ROSSIGNOL,

       Defendants.

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

COMES NOW Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol (collectively "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Rodney L. Gabaldon, and Jade Delfin), and respectfully requests this Court set aside the Clerk's Entries of Default filed on August 8, 2023 in this matter[1]:

## BACKGROUND

On June 6, 2023, James Springer ("Plaintiff") filed his *Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ( "Complaint") [Doc. 1]. That same day, Plaintiff filed *Summons Returns* for the Seventh Judicial District Court ("7th JDC") [Doc. 2], Jason Jones ("Mr. Jones") [Doc. 4], Chief Judge Mercedes

---

[1] As required by D.N.M. LR Civ. 7.1(a), Defendants attempted to determine whether this motion was opposed prior to its filing. Counsel for Plaintiff is opposed.

Murphy ("Chief Judge Murphy") [Doc. 5], Judge Shannon-Murdock-Poff ("Judge Murdock-Poff") [Doc.6] , and Susan Rossignol ("Ms. Rossignol") [Doc. 8].

Plaintiff filed an *Application for Clerk's Entry of Default* [Doc. 20] on August 7, 2023. A *Clerk's Entry of Default* as to Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol [Doc. 22] and a *Clerk's Entry of Default* as to the 7th JDC [Doc. 23] was filed on August 8, 2023.

On August 15, 2023, undersigned counsel filed an *Entry of Appearance* for Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol [Doc. 26]. Thereafter, on August 21, 2023, the Court entered a *Second Order Amending Briefing Schedule* [Doc. 27] permitting Defendants to file a Response to Plaintiff's Application for Temporary Restraining Order. Defendants filed their *Response to Complaint for Declaratory Judgment and Injunctive Relief for Civil Rights Violations Under 42 U.S.C.A. § Violation s of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages* ("Response") [Doc. 29] on September 5, 2023 and Plaintiff file his *Reply in Support of the Motion for Temporary Restraining Order and Preliminary Injunction* ("Reply") [Doc,. 31] on September 19, 2023. The Court entered its *Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* [Doc. 34] on September 21, 2023 and an *Amended Order Denying Plaintiff's Request for a Temporary Restraining Order/Preliminary Injunction* [Doc. 38] on September 22, 2023.

Defendants have retained counsel to defend them in matter, and as evidenced by their Response to Plaintiff's Application for Temporary Restraining Order filed herein, have manifested an intent to defend themselves. Further, Defendants assert that they have meritorious defenses to

this Plaintiff's claims and intend to move for dismissal of Plaintiff's Complaint. Accordingly, the Clerk's Entries of Default should be set aside and the parties permitted to proceed with litigation.

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. See Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed.R.Civ.P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed.R.Civ.P. 55(b)(2).

Pursuant to Rule 55, a party may apply to the Court for a default judgment after a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a), (b)(2). A court may conduct hearings to conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Even still, there is no right to a default judgment, and "the entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

If a party in default acts before entry of judgment, Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "Default judgments are a harsh sanction," *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation

omitted). As such, default judgments are "not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (citation omitted). Further, courts do not favor such a sanction "purely as a penalty for delays in filing or other procedural error." *Noland v. City of Albuquerque*, No. CIV 08-0056 JB/LFG, 2009 U.S. Dist. LEXIS 74238, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009) (Browning, J.) (quoting In re Rains, 946 F.2d at 733). Because of a default judgment's disfavored status, "the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted); see also *Behounek v. Lujan Grisham*, No. 1:20-CV- 00405-JCH-LF, 2020 U.S. Dist. LEXIS 179378, 2020 WL 5757798, at *3 (D.N.M. Sept. 28, 2020) (stating that the "good cause standard" is fairly liberal because '[t]he preferred disposition of any case is upon its *merits* sand not by default judgment'") (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

## LEGAL ARGUMENT

## I.   THE DISTINCTION BETWEEN AN ENTRY OF DEFAULT AND A DEFAULT JUDGMENT

The distinction between setting aside an entry of default and setting aside a default judgment reflects the different consequences of the two events and the different procedures that bring them about. For an entry of default, the clerk may enter a default upon the application of the non-defaulting party. This entry is merely an official recognition of the fact that one party is in default and is an is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b). 10A Wright & Miller, supra, § 2692. In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate;

in some situations, a jury trial may be made available to determine an issue of damages. *Id.* Moreover, the entry of a default judgment is a final disposition of the case and an appealable order. *Id.*

However, a defaulting party is not entitled to relief from a judgment as a matter of right under Rule 60(b). The movant must present a justification supporting the motion and must establish his contentions if challenged. Further, a motion to set aside default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. *Id.* Conversely, a motion to set aside a default entry may be granted for "good cause shown". This lower standard gives the court greater freedom in granting relief than is available in the case of default judgments.

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. <u>See</u> *Pinson v. Equifax Credit Info Servs., Inc.*, 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." (internal quotes omitted); <u>See also</u> *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (unpublished) ("Three requirements must be met when setting aside a default judgment under Rule 60(b): (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." (internal quotes omitted).

## II.   DEFAULT IS IMPROPER GIVEN THAT DEFENDANTS HAVE MANIFESTED AN INTENT TO DEFEND THEMSELVES

Strong policies favor resolution of disputes on their merits: "The preferred disposition of any case is upon its merits and not by default judgment…unless the] preference is counterbalanced by considerations of social goals, justice and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "The default judgment must normally be viewed as available *only when the adversary process has been halted because of an essentially unresponsive party*. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection" *In re Rains*, 946 F.2d 731, 732-33, citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S. App. D.C. 256, 432 F.2d 689, 691 (D.C. Cir. 1970) (emphasis added).

Counsel for Defendants entered an appearance seven days after Plaintiff an Application for Entry of Default. <u>See</u> Doc. 26. Defendants subsequently filed their Response to Plaintiff's Application for Temporary Restraining Order. <u>See</u> Doc. 34. In filing their Response, Defendants have expressly manifested an intent to defend themselves.

Plaintiff therefore cannot reasonably assert that Defendants is an essentially unresponsive party. Neither can Plaintiff argue that the adversary process has been halted or that he faces interminable delay because of Defendants' actions. As of the filing of this Motion, Plaintiff has not moved for default judgment and Defendants' Motion to Dismiss is forthcoming. Because Defendants are defending themselves, and because courts have a strong preference to resolve cases on their merits rather than by procedural default, the Clerk's Entry of Default as to Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol [Doc. 22] and the Clerk's Entry of Default as to the 7th JDC [Doc. 23] should be set aside.

III.    **GOOD CAUSE EXISTS TO SET ASIDE DEFAULT THE ENTRIES OF DEFAULT.**

To determine if the moving party has proven good cause, the district court should consider the following three factors: 1) whether the default was willful; 2) whether setting default aside would prejudice the adversary; and 3) whether a meritorious defense is presented. See *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). These factors are not "talismanic." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (Table). The district court need not consider each factor and may also consider other factors. *Id.* Finally, "[t]he defaulting party has the burden of proving that the default and default judgment should be set aside." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987). Here, the good cause factors weigh in favor of setting aside the entry of default against Defendants under Fed. R. Civ. P. 55(c).

A.    **The Entry of Default Should be Set Aside Because Defendants Did Not Default Willfully.**

Concerning the first factor, willfulness, also referred to as culpability, "[g]enerally a party's conduct will be considered culpable *only if* the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (emphasis added) (internal citation omitted). Defendants' failure to answer was not a willful disregard for the Court. On the contrary, Defendants filed their Response to Plaintiff's Application for Temporary Restraining Order/Preliminary Injunction and intended for the filing to function as an Answer to the Complaint as well, given the affirmative defenses raised. This confusion was a result of the Complaint being combined with the Application for Restraining Temporary Order/Preliminary Injunction. Defendants are ready, willing, and able to defend themselves, and will be filing a Motion to Dismiss Plaintiff's Complaint.

Further, courts disfavor default judgment purely as a penalty for delays in filing or other procedural error. See *Noland v. City of Albuquerque*, No. CIV 08-0056JB/LFG, 2009 U.S. Dist.

LEXIS 74238, 2009 WL 2424591 (D.N.M. June 18, 2009). Therefore, Defendants' failure to timely answer is insufficient by itself to obtain default judgment under the Plaintiff's allegations in his Complaint. In addition, Defendants sought to retain legal counsel for this matter. Defense counsel needed time to complete the firm's conflicts checks due to Defendants' positions in the judiciary and entered their appearance promptly after the conflicts checks were clear. This due diligence does not rise to the level of culpable conduct under Rule 55(c) and therefore the first factor weighs in Defendants' favor.

**B.   The Entry of Default Should be Set Aside Because There is No Prejudice to Plaintiff.**

As to the second factor, there is no prejudice that would result to Plaintiff if the entry of default is set aside. The Tenth Circuit has explained that "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d at 732. That is not the case here. As of the filing of this Motion, this case was relatively new. Plaintiff filed his complaint on June 9, 2023 and obtained Clerk's Entries of Default on August 8, 2023. Plaintiff's Application for Restraining Order/Preliminary Injunction was denied September 21, 2023 and this Court gave Plaintiff a deadline of October 5, 2023 to move for default judgment. See *Order to Show Cause* [Doc. 35], entered on September 21, 2023. Defendants promptly move herein to set aside the Clerks's Entries of Default. See *Lucero as Next Friend to Lucero v. City of Clovis Police Dep't*, No. 2:19-CV-445 KWR/KRS, 2021 U.S. Dist. LEXIS 69679, 2021 WL 1326937, at *4 (D.N.M. Apr. 9, 2021), report and recommendation adopted, No. 219CV00445KWRKRS, 2021 U.S. Dist. LEXIS 116296, 2021 WL 2525644 (D.N.M. June 21, 2021) ("Courts have consistently held that an *unintentional or good faith mistake does not rise to the level of culpable conduct* under Rule 55(c), particularly

where a party takes prompt action to remedy its error.") (emphasis added) (citation omitted). Accordingly, the second Rule 55(c) factor weighs in Defendants' favor.

      C.     **The Entry of Default Should be Set Aside Because Defendants Have Meritorious Defenses.**

The third factor examines whether Defendants have asserted a meritorious defense. For this factor, Defendants are not required to persuade the Court that they is likely to prevail on their defenses. *Securitynational Mortg. Co. v. Head*, No. 13-CV-03020-PAB-BNB, 2014 U.S. Dist. LEXIS 129351, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("A movant is not required to demonstrate a likelihood of success on the merits.") (internal quotation and citation omitted). "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation." *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654 (D. Idaho 2013) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)).

Defendants will explain, in a separate Motion to Dismiss, how their version of the facts, if proven at trial, would constitute a legally cognizable defense to the action to Plaintiff's allegations. *Roberson v. Farkas*, No. CV 09-795 JCH/WDS, 2011 U.S. Dist. LEXIS 174354, 2011 WL 13117113, at *5 (D.N.M. Sept. 30, 2011) (stating that a meritorious defense must be legally cognizable). The Motion to Dismiss will demonstrate how the meritorious defense prong weighs in Defendants' favor.

**IV.    THE ENTRIES OF DEFAULT SHOULD BE SET ASIDE BECAUSE PLAINTIFF HAS NOT PROPERLY SERVED DEFENDANTS.**

The Federal Rules of Civil Procedures establishes service of process for individuals and governmental defendants:

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.

…

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

Plaintiff's first option under Rule 4(j) is to deliver a copy of the summons and complaint to Defendants' chief executive officers. Here, Plaintiff served Ms. Rossignol personally and attempted to serve the 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones through Ms. Rossignol. *Summons Returns* [Doc. Nos. 3, 4, 5, 6; and 8]. Defendant acknowledges that Ms. Rossignol was served personally but argues that service on the remaining defendants was insufficient. Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones were not served personally, nor at their dwelling or usual place of abode. Neither is Ms. Rossignol an agent authorized by appointment or law to accept service on their behalf. The 7th JDC was not served delivering a copy of the summons and of the complaint to its chief executive officer, nor as prescribed by the State of New Mexico's laws for serving a summons or like process on other state-created governmental organization.

Plaintiff subsequently filed a Certificate of Service on July 19, 2023 stating that the Summons and Complaint were served through Judge Murphy's proposed text email on June 21, 2023 and on the Court Clerk for the Seventh Judicial District at 903 N. Fifth Street, Estancia, New Mexico on July 13, 2023 by a process server. *Certificate of Service* [Doc. 12]. However, the Affidavit of Service provides no information as to the identity of the clerk the process server served.

Further, the same deficiencies of service above remain. The New Mexico Rules of Civil Procedure do not authorize a court clerk to accept service for the court or court officer, official or employee. Rule 1-004(H)(1) NMRA. By contrast, those same rules authorize a county clerk to be served for a county and for a city clerk to be served for a municipal corporation. See Rule 1-004(H)(1)(f) NMRA and Rule 1-004(H)(1)(g) NMRA. Because Plaintiff served the summons and complaint to an individual not authorized to accept service on Defendants' behalf, Plaintiff has

failed to satisfy the Rules of Civil Procedure. Accordingly, Plaintiff has not shown effective service on the 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones under Rule 4(e) nor under Rule 4(j).

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the law of the State of New Mexico. The New Mexico Rules of Civil Procedures establishes service of process for governmental defendants:

H.  Process; service upon state or political subdivisions.

(1)    Service may be made upon the State of New Mexico or a political subdivision of the state:

…

(b) in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution *and* to the attorney general;

(c) in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee *and* to the attorney general;

…

(2) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule.

Rule 1-004(H) NMRA (emphasis added).

As described above, Plaintiff attempted to effect service on the 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones through Ms. Rossignol, emailing a copy of the Complaint and Summonses to Judge Murphy's proposed text email, and serving a Court Clerk via process server. [Doc. Nos. 3, 4, 5, 6; 8, and 12]. Defendants reassert their above argument that

service is not proper because Plaintiff served the summons and complaint to an individual not authorized to accept service on Defendants' behalf.

Under New Mexico's service rules, the 7th JDC must be served by delivering a copy of the process to the head of the 7th JDC, which is the Chief Judge. Rule 1-004(H)(1)(b). With respect to Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones, they must be served by delivering a copy of the process to by delivering a copy of the process to the officer, official or employee . Rule 1-004(H)(1)(c). Delivery under Rule 4(j)(2) requires use of a process server. Other jurisdictions have rejected mailing to be delivery. *Jewel v. Florida Dep't of Revenue*, 2016 U.S. Dist. LEXIS 178638, 2016 WL 7440951 (M.D. Fla. Dec. 27, 2016) (holding service by mail on the governor was deficient under Rule 4(j)(2)(A), because "mailing is not delivering under [Rule] 4"). If mail is insufficient for service for federal Rule 4(j), so too would email be insufficient under state Rule 1-004(H). Accordingly, Plaintiff has not shown effective service on 7th JDC, Chief Judge Murphy, Judge Murdock-Poff, and Mr. Jones.

Plaintiff's attempt to effect service upon all Defendants is also insufficient because he has not demonstrated service on the New Mexico Attorney General, as required by Rule 1-004(H) (1)(b) NMRA and Rule 1-004(H) (1)(c) NMRA. For a state governmental entity and an officer, official, or employee thereof, both the named defendant and the New Mexico Attorney General musted be served. Notably, there is not a single summons returns for the Attorney General on any Defendant named herein, nor were any summons even issued for the Attorney General on said Defendants. Therefore, Plaintiff has not met his burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of process, nor on the New Mexico Attorney General.

For these reasons, Plaintiff has failed to show effective service under Fed. R. Civ. P. 4(j) and Rule 1-004(H) NMRA. Absent proof of proper service, Plaintiff is not entitled to default judgment against Defendants and the Entries of Default should be set aside.

## CONCLUSION

Good cause exists to set aside the Clerk's Entries of Default against Defendants. First, the factors for setting aside the entry of default under Fed. R. Civ. P. 55(c) shows that all three factors favor Defendants because Defendants' conduct leading to the default was not culpable, setting aside the default would not prejudice the Plaintiff, and Defendants have meritorious defenses for Rule 55(c) purposes. Second, Defendants have expressly manifested their intent to defend against this lawsuit. Third, Plaintiff has not properly served Defendants. For these reasons, the Clerk's Entries of Default should be set aside and the parties should proceed with litigation.

**WHEREFORE**, Defendants Seventh Judicial District Court, Mercedes Murphy, Shannon-Murdock-Poff, Jason Jones, and Suan Rossignol request that this Court:

1. Grant their Motion to Set Aside Entries of Default;

2. Enter an Order Setting Aside *Clerk's Entry of Default* as to Chief Judge Murphy, Judge Murdock-Poff, Mr. Jones, and Ms. Rossignol;

3. Enter an Order Setting Aside *Clerk's Entry of Default* as to the Seventh Judicial District Court; and

4. Grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**


*/s/ Jade Delfin*
Bryan C. Garcia
Rodney L. Gabaldon
Jade Delfin

*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF

on this the <u>29th day of September, 2023</u>, which caused service to all counsel of record.

*/s/ Jade Delfin*
Jade Delfin