UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-po-00289-KJN |
| Plaintiff, | ORDER |
| v. | |
| JONATHAN TRAVIS MOORE | |
| Defendant. | |

On July 19, 2022, defendant Jonathan Travis Moore was charged with violating 41 C.F.R. § 102-74.385, failure to conform with signs and directions, after he allegedly entered a Social Security Administration ("SSA") building while recording on his phone and continued to do so despite signs prohibiting filming and instructions from security officers. (ECF No. 1.) A bench trial is scheduled for August 30, 2023, before the undersigned.[1]

Presently pending before this court are the following three motions: 1) defendant's motion to dismiss; 2) government's motion in limine seeking to exclude First Amendment arguments and evidence; and 3) government's motion in limine seeking to admit prior acts evidence. (ECF Nos. 16, 24, 25.) As set forth below, the court DENIES each of these motions.

////

---

[1] This case was referred to the undersigned by Fed. R. Crim. P. 58 and Local Rule 302(b)(3).

1

**I.     Background**

On July 19, 2022, defendant allegedly entered the SSA office in West Sacramento, California while recording with his telephone inside the facility. (ECF No. 1.) Two protective security officers informed defendant he could not record, noting signage prohibiting such recording, but defendant continued to record. (Id.) Defendant was detained and released outside with a warning. (Id.) Just a few moments later, defendant tried to force his way into the facility to record again and was detained again. (Id.) A citation issued on September 19, 2022, charging defendant with violating 41 C.F.R. § 102-74.385, conformity with signs and directions, a Class C misdemeanor and a petty offense. (Id.)

The matter was set for an initial appearance on October 11, 2022, before Magistrate Judge Claire. (ECF No. 2.) Defendant failed to appear at the initial hearing. (ECF No. 3.) On October 18, 2022, defendant contacted the court, and the matter was scheduled for an initial appearance on November 8, 2022. (ECF No. 4.) On December 13, 2022, defendant appeared before the undersigned, entered a plea of not guilty, and demanded a bench trial, which was set for February 13, 2023. (ECF No. 8.)

Defendant emailed counsel for the government on December 21, 2022, and requested a continuance for trial preparation and pretrial motions. (ECF No. 9.) The bench trial was reset for April 10, 2023. (ECF No. 10.) Before trial, the defendant indicated more time was needed to prepare his defense and the parties jointly requested a continuance. (ECF No. 12.) (But see ECF No. 16-1 at 1, defendant's motion attributing responsibility for the continuances to the government, stating that the government needed more time to provide "requested discovery.") A bench trial was scheduled for July 17, 2023.

On July 6, 2023, defendant, appearing without the aid of counsel, filed the instant motion to dismiss. (ECF No. 16.) Defendant primarily argues that his right to a speedy trial has been violated and that 41 C.F.R. § 102-74.385 violates the First Amendment. (See generally ECF Nos. 16, 16-1.) During an informal telephonic conference on July 7, 2023, the parties continued the hearing to August 30, 2023, and set a briefing schedule for defendant's motion to dismiss. (ECF No. 17.)

The government filed its opposition to defendant's motion on July 17, 2023, to which defendant filed a reply. (ECF Nos. 18, 19, 27.) On July 24, 2023, the government filed a motion in limine seeking to exclude evidence related to defendant's First Amendment arguments and a motion in limine seeking to admit evidence related to other acts. (ECF Nos. 24, 25.) Defendant filed responses to each of the government's motions. (ECF Nos. 28, 29).

**II.   Defendant's Motion to Dismiss**

In evaluating a motion to dismiss pursuant to Rule 12 of the Federal Rules of Criminal Procedure, a court must view the factual allegations in the indictment as true and decide only those issues capable of resolution without invading the province of the trier of fact. Costello v. United States, 350 U.S. 359, 363 (1956); United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993).

**A.  Sixth Amendment and Speedy Trial Act**

Defendant seeks dismissal of the pending charge under the Speedy Trial Act and the Sixth Amendment. (ECF No. 16.) The court rejects both arguments.

To begin with, the court rejects defendant's argument that the charges should be dismissed under the Speedy Trial Act. As the Speedy Trial Act does not apply to petty offenses, and defendant has been charged with a Class C Misdemeanor, the Speedy Trial Act does not apply to defendant's case. See, e.g., United States v. Nickerson, 731 F.3d 1009, 1013 (9th Cir. 2013).

Further, defendant's Sixth Amendment right to a speedy trial has not been violated. The Sixth Amendment guarantees that in all criminal prosecutions the accused shall enjoy the right to a speedy trial. United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir.1993) (quoting Doggett v. United States, 505 U.S. 647, 651 (1992). The constitutional right to a speedy trial protects against prejudicial delay regardless of whether a defendant can show a violation of the Speedy Trial Act. See, e.g., United States v. Gearhart, 576 F.3d 459, 462 (7th Cir. 2009), United States v. Dessesaure, 556 F.3d 83, 86 (1st Cir.2009) (per curiam). Sixth Amendment speedy trial challenges are assessed under a four-part balancing test that evaluates: (1) whether delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial,

and (4) whether he suffered prejudice' because of the delay. Id. (quoting Doggett, 505 U.S. at 651, 112).

### 1. Length of Delay before Trial

Under the first factor, the defendant "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett, 505 U.S. at 651–52. See also United States v. Gregory, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("[C]ourts generally have found that delays approaching one year are presumptively prejudicial."). Here, a citation issued on September 19, 2022, and the trial is scheduled for August 30, 2023. This nearly one year delay slightly favors dismissal.

### 2. Attributing Blame for the Delay

The second inquiry seeks to assess whether the government or defendant "is more to blame for th[e] delay." Doggett, 505 U.S. at 651. Here, an initial appearance was set for October 11, 2022. Defendant failed to appear and did not contact the court until a week later. (ECF No. 3.) At the December 13, 2022 conference, defendant informed the court of the possibility that he would obtain counsel and file a motion to dismiss. (ECF No. 8.) Defendant contacted the government to pursue additional time to find counsel on two occasions between December 2022 and March 2023. Defendant did not obtain counsel and did not file the motion to dismiss until ten days before the scheduled hearing date.

Defendant argues the continuances were due to the "prosecution needing more time to provide the requested discovery." (ECF No. 16-1 at 1.) However, defendant's motion does not state what discovery he was seeking, and it is therefore unclear whether he is even entitled to it. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (as this is a criminal proceeding, no "general constitutional right to discovery" exists). Thus, the court is not persuaded that the government bears responsibility for the continuances. Therefore, this factor weighs against dismissal.

### 3. Defendant's Assertion of his Right to a Speedy Trial

The third factor evaluates whether the defendant has asserted his right to a speedy trial. The "strength of [a defendant's] efforts" in asserting his right to a speedy trial "will be affected by

the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences." Barker v. Wingo, 407 U.S. 514, 531 (1972). In United States v. Corona–Verbera, the Ninth Circuit concluded that, because the defendant asserted his right to a speedy trial after requesting eight continuances, the third factor "weighs neither in favor of dismissal nor in favor of the government." 509 F.3d 1105, 1117 (9th Cir. 2007). Here, defendant asserted his right to a speedy trial only after requesting multiple continuances. Accordingly, the third factor is, at best for defendant, neutral.

### 4. Prejudice

To warrant dismissal based on a Sixth Amendment violation, plaintiff must assert actual prejudice, not the mere "possibility of prejudice." Beamon, 992 F.2d at 1014. "Actual prejudice can be shown in three ways: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired." Id. Here, defendant does not claim prejudice under any of these categories. Accordingly, this factor favors the government.

Upon consideration of these factors, the court finds that the Sixth Amendment does not demand dismissal.

### B. Defendant's First Amendment Challenges

Defendant's motion also asserts, in a heading, that 41 C.F.R. § 102-74.385 is "vague, ambiguous and applied unconstitutionally in this instance." (ECF No. 16 at 4.) To the extent defendant argues this regulation is unconstitutionally overbroad or vague, this argument is foreclosed by the Ninth Circuit's decision in United States v. Stansell, 847 F.2d 609, 616 (9th Cir. 1988). There, the Ninth Circuit, analyzed the regulation at issue for overbreadth under the First Amendment and determined that because a reasonable limiting construction could be placed on the challenged regulation, the regulation was not substantially overbroad. Id. at 615. The court also determined the regulation was not unconstitutionally vague, as is does not permit a "standardless sweep" that allows officials and government prosecutors "to pursue their personal

1  predilections." Id., citing Kolender, 461 U.S. at 358.[2]

2  Defendant argues that 41 C.F.R. § 102-74.385, as applied in this case, violates the First Amendment because defendant was filming inside the SSA office, a public federal building. (ECF No. 16 at 7.)  The government argues that the SSA lobby is a nonpublic forum and that the restrictions in place here are reasonable because they are viewpoint neutral and "prevent security screening procedures from being scrutinized by untoward eyes, and any incidental restriction on free expression is no greater than is essential to further that interest."  (See ECF No. 19 at 10, citing United States v. O'Brien, 391 U.S. 367, 377 (1968).)

The government has not put forth any cases in which courts have subjected an SSA office to forum analysis.  Rather, the government claims that SSA offices are nonpublic fora by way of comparison, arguing that because they are like other places that courts have deemed nonpublic for recording, such as, immigration courts, VA medical facilities, and airport terminals.  (ECF Nos. 19 at 10.)  Maybe so.  But whether the SSA building is a nonpublic forum, and if so, whether the restrictions are reasonable in light of the purpose of the forum is a determination best made on the basis of a factual record.  See United States v. Coronado, 461 F. Supp. 2d 1209, 1217 (S.D. Cal. 2006) (denying the defendant's as-applied First Amendment challenge to his indictment as "premature" because "the factual record has yet to be developed" and "neither the court nor parties are able to determine whether the statute, as applied in an evidentiary context, raises substantial constitutional issues";) cf. United States v. Gileno, 350 F. Supp. 3d 910, 916 (C.D. Cal. 2018) (on summary judgment, rejecting an as applied First Amendment challenge and finding 41 C.F.R. § 102-74.385 a viewpoint neutral, reasonable restriction to a nonpublic forum where defendant refused to remove his camera from the courthouse).  See Wright v. Incline Vill. Gen. Improvement Dist., 665 F.3d 1128, 1136 (9th Cir. 2011) ("Context matters in forum

---

[2] The court also acknowledges defendant's argument that 41 C.F.R. § 102-74.420(c) is inconsistent with 41 C.F.R. § 102-74.385, the regulation under which he is charged.  (ECF No. 16 at 5-7.)  However, this argument is not well taken, as 41 C.F.R. § 102-74.420(c) states "except where security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it, persons entering in or on Federal property may take photographs of lobbies in federal buildings for news purposes."  (ECF No. 16 at 6.)

1  analysis."). The court finds defendant's argument is premature because the factual record has yet
2  to be developed in this case. See Jacobson v. United States Dep't of Homeland Sec., 882 F.3d
3  878, 883 (9th Cir. 2018); see also, e.g., United States v. Reyes, 2007 WL 831808, at *8 (N. D.
4  Cal. Mar. 16, 2007) (denying motion to dismiss without prejudice and rejecting the as-applied
5  constitutional challenge as premature because "without reference to any proof of what
6  Defendants' conduct actually was [] it is impossible to determine whether the statute provided
7  sufficient notice that it prohibited the scheme of conduct in which they actually engaged.".).
8      Accordingly, defendant's motion to dismiss is DENIED.  Defendant's First Amendment
9  challenges, insofar as they rely on facts not yet established, are denied without prejudice.

### III. Governments Motions in Limine

The government submitted two motions in limine.  (ECF Nos. 24, 25.)  A motion in limine constitutes "a procedural mechanism to limit in advance testimony or evidence" before it is presented to the jury.  U.S. v. Heller, 551 F.3d 1108, 1111–12 (9th Cir. 2009).  A district court possesses broad discretion to make evidentiary rulings to facilitate a fair and orderly trial. Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996).  However, such rulings do not bind a trial judge during trial. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).

#### A. Government's Motion in Limine Seeking to Exclude First Amendment Evidence and Arguments

The government's first motion in limine seeks to preclude defendant from arguing or presenting evidence that his activities are protected by the First Amendment, that he is a journalist, and that his journalism is "newsworthy."  (See generally ECF No. 24.)  The government's motion essentially repeats the arguments made in opposition to defendant's motion to dismiss, i.e., that the "First Amendment offers no protection to the defendant in this case[,]" because the SSA office is a non-public forum and "[t]he restrictions at issue in this case are clearly reasonable." (Id. at 2).  However, as discussed above, whether the SSA office is a public forum and if so, whether the restrictions in this case are reasonable are determinations best made after considering evidence.  Because the court has not yet determined whether the restrictions in

this case were reasonable as applied to the facts of defendant's case, the court DENIES the government's first motion in limine without prejudice.[3]

### B. Government's Motion in Limine Seeking to Admit Other Acts Evidence

The government's second motion in limine seeks to admit evidence regarding three incidents: 1) a charge from April 6, 2021, for trespass and refusing to leave in Napa, California, in violation of California Penal Code Section 602(o); 2) a July 20, 2022 incident at the SSA office located at 825 Riverside Parkway, West Sacramento, California; and 3) and a charge from August 11, 2022, criminal trespass in the second degree, in violation of Oregon Revised Statute Section 164.245, in Medford, Oregon. (ECF No. 25.)  The government argues that evidence of each of the acts is relevant under Federal Rule of Evidence 401 and should be admitted because the acts are inextricably intertwined with the pending charge.  Alternatively, the government argues that that evidence of the three issues is admissible under Federal Rule of Evidence 404(b)(2) because it is intended to show proof of motive, opportunity, intent, preparation, plan, or knowledge.

#### 1. Other Acts are Not Inextricably Intertwined

The Ninth Circuit recognizes "two categories of cases in which ... 'other act' evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the requirements of Rule 404(b)." United States v. Loftis, 843 F.3d 1173, 1177 (9th Cir. 2016) (quoting United States v. Vizcarra–Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)).  First, the Ninth Circuit has "sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge." Id. at 1178 (quoting Vizcarra–Martinez, 66 F.3d at 1012).  Second, the Ninth Circuit has "allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id. (quoting Vizcarra–Martinez,

---

[3] If the court determines the SSA office is a nonpublic forum, the regulation at issue is viewpoint neutral, and the restrictions in place are reasonable, defendant's status as a journalist will no longer be relevant.  Therefore, the parties may anticipate that the undersigned will not need to hear evidence regarding defendant's alleged journalism and the court may assume, without deciding, that the defendant is a "journalist" for purposes of the trial of this case.

66 F.3d at 1012). The court finds neither basis for applying the inextricably intertwined exception to Rule 404(b) applies here.

As to the first category of inexplicably intertwined evidence, the government does not even argue that any of the three events are part of the same transaction that serves as the basis for the pending criminal charge. Further, the trespass charge from Napa, California in April 2021 occurred fifteen months before the instant charge, which is likely too temporally distant to constitute the "same transaction." See United States v. Anderson, 741 F.3d 938, 950 (9th Cir. 2013) (evidence "which occurred six months after the charged conduct took place, is arguably too far removed in time to constitute a part of the charged transaction."). Thus, absent any argument to the contrary, the court finds that the incidents for which the governments seek to admit evidence do not fall within the "same transaction" category of inextricably intertwined evidence.

Nor does the proposed evidence fall into the second category of "other act" evidence, i.e., evidence needed for the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. The government argues that the evidence is "inextricably intertwined" because it forms part of the prosecution's "coherent and comprehensible story regarding the commission" of the violation. (ECF No. 25 at 5-7 (citing United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)). However, in the case to which the government cites, United States v. Vizcarra-Martinez, the Ninth Circuit stated that other such evidence is inextricably intertwined where the prosecution would have difficulty "presenting the evidence relevant to its case against the defendant ... without offering into evidence" the other bad acts. 66 F.3d at 1013 (emphasis added). In this case, however, nowhere does the government assert that it would be difficult to establish its case against defendant as to the charged conduct without reference to this evidence. Accordingly, the court finds that the government's proposed prior acts evidence is not inextricably intertwined with the charged conduct.

### 2. Federal Rule of Evidence 404(b)

Under Federal Rule of Evidence 404(b), evidence of other acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. "Rule 404(b) provides that the district court may admit evidence of prior bad acts if it

(1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).  If these four elements are satisfied, a court must balance the probative value of the evidence against its prejudicial effect to determine whether it is admissible under Rule 403.  United States v. Curtin, 489 F.3d 935, 957 (9th Cir. 2007) (en banc).  Under Rule 403, a court may exclude otherwise admissible evidence if its probative value is substantially outweighed by unfair prejudice, confusion, delay, or other factors.

The government seeks to admit evidence of what it describes as "identical" conduct by defendant on three different occasions for the purposes of establishing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.  (ECF No. 25 at 5-7.)  The court agrees with the government that the evidence described meets the four requirements set forth in Lozano.  However, even where, as here, the evidence meets the threshold for admissibility under 404(b), the evidence must meet Rule 403's balancing test.  The Ninth Circuit "has specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry." United States v. Mayans, 17 F.3d 1174, 1183 (9th Cir. 1994).  Under Rule 403's balancing test, the court must determine whether the probative value of the evidence substantially outweighs any danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence.  Fed. R. Evid. 403

The court cannot yet assess whether the other acts' probative value is "substantially outweighed" by, for instance, the danger of unfair prejudice.  See Fed. R. Evid. 403.  This analysis will likely depend on the evidence and theories presented at trial.  The court defers its Rule 403 analysis at this point and thus DENIES the government's motion in limine without prejudice.[4]

////

////

---

[4] Even if the court does not allow other acts in the trial in chief, and if defendant is found guilty, the court may consider evidence of other acts in determining an appropriate remedy.

# ORDER

Accordingly, the court HEREBY ORDERS that:

1. Defendant's motion to dismiss (ECF No. 16) is denied. Defendant's First Amendment challenges, insofar as they rely on facts not yet established, are denied without prejudice;

2. The government's motion in limine seeking to exclude evidence related to defendant's First Amendment arguments (ECF No. 24) is denied without prejudice; and

3. Government's motion in limine seeking to admit evidence related to other acts is denied (ECF No. 25) without prejudice.

Dated: August 24, 2023

RS,moor.289

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE